UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| CHRISTOPHER CARLO<br><br>Plaintiff<br><br>vs.<br><br>MIDWEST RECOVERY SYSTEMS, LLC and JTM CAPITAL MANAGEMENT, LLC<br><br>Defendants | CASE NO.:<br>1:18-CV-00031-PAG<br><br><br>THE HONORABLE<br>CHIEF UNITED STATES DISTRICT JUDGE<br>PATRICIA A. GAUGHAN<br><br><br>THE HONORABLE<br>UNITED STATES MAGISTRATE JUDGE<br>JONATHAN D. GREENBERG |

**MOTION AND MEMORANDUM OF LAW OF
DEFENDANT, JTM CAPITAL MANAGEMENT, LLC,
FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED R. CIV. P. 12(c)**

MOTION

Defendant, JTM Capital Management, LLC ("JTM"), respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(c), for a judgment on the pleadings dismissing the Complaint against JTM.

JTM respectfully submits the attached Memorandum of Law in support of this Motion.

Respectfully submitted by:

*s/ Michael J. Palumbo*
_____
Michael J. Palumbo, Esquire
Ohio Attorney Registration #0081718
Anthony J. Gingo, Esquire
Ohio Attorney Registration #0085669
Gingo Palumbo Law Group LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
E-Mails: michael@gplawllc.com
        anthony@gplawllc.com
*Counsel for Defendant, JTM Capital Management, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| CHRISTOPHER CARLO<br><br>Plaintiff<br><br>vs.<br><br>MIDWEST RECOVERY SYSTEMS, LLC and JTM CAPITAL MANAGEMENT, LLC<br><br>Defendants | CASE NO.:<br>1:18-CV-00031-PAG<br><br><br>THE HONORABLE<br>CHIEF UNITED STATES DISTRICT JUDGE<br>PATRICIA A. GAUGHAN<br><br><br>THE HONORABLE<br>UNITED STATES MAGISTRATE JUDGE<br>JONATHAN D. GREENBERG |

MEMORANDUM OF LAW

I. INTRODUCTION

On January 5, 2018, Plaintiff Christopher Carlo ("Plaintiff") filed a Complaint alleging that Defendant Midwest Recovery Systems, LLC ("Midwest") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Ohio Consumer Sales Practices Act, R.C. § 1345.01 *et seq.* (the "OCSPA"). (Dkt. 1). Plaintiff's Complaint alleges that JTM Capital Management, LLC ("JTM") violated the OCSPA only. (ECF Doc. 1 at ¶¶ 69-80). The Complaint does not allege that JTM violated the FDCPA. (*Id.* at ¶¶ 41-68). On January 31, 2018, JTM filed and served its Answer to Plaintiff's Complaint. (ECF Doc. 6).

As set forth herein, Plaintiff's Complaint against JTM should be dismissed, pursuant to FED. R. CIV. P. 12(c), because Plaintiff's Complaint is devoid of any facts or allegations to support Plaintiff's conclusion that JTM violated the OCSPA. Accordingly, the Complaint fails to state a claim against JTM and should be dismissed with prejudice.

3

II.     PLAINTIFF'S ALLEGATIONS

The Complaint alleges the following concerning Midwest:

- Midwest reported a debt allegedly owed by Plaintiff to a credit reporting agency. (ECF Doc. 1 at ¶ 27.)

- Midwest Plaintiff sent a letter to Midwest demanding that Midwest cease collection activity and validate the alleged debt. (*Id*. at ¶¶ 32, 33, 34, 36.)

- Plaintiff followed up this written correspondence with a telephone call to Midwest. (*Id*. at ¶ 35.)

- Plaintiff spoke to a supervisor at Midwest who told Plaintiff the information reported to the credit bureaus would not be suppressed or deleted pending validation of the alleged debt. (*Id*. at ¶ 35.)

- Plaintiff made multiple attempts to contact Midwest by both written correspondence and telephone. (*Id*. at ¶ 37.)

- Midwest has failed to respond to Plaintiff's demand for validation and that Midwest continues to report the alleged debt to the credit reporting agencies. (*Id*. at ¶ 38.)

The Complaint concludes, without factual support, that "JTM is a debt collector as defined by the FDCPA and a supplier as defined by the OCSPA." (ECF Doc. 1 at ¶ 14). However, the Complaint fails to allege: (a) JTM ever communicated with Plaintiff or attempted to communicate with Plaintiff; (b) JTM sent any written communication to Plaintiff; (c) JTM actually participated in or otherwise exercised any control over the collection process at any time or in any manner; (d) or any other factual allegation that JTM is a "debt collector" as defined by the FDCPA or a "supplier" as defined by the OCSPA. Plaintiff's only basis for concluding JTM is a "debt collector" and "supplier" is the allegation that "Midwest was acting as the agent of, and at the direction of, and under the authority of, [JTM]." (*Id*. at. ¶ 39). Accordingly, there is no allegation in the Complaint that JTM directly violated the FDCPA or the OCSPA.

4

III.    ARGUMENT

    A.    *Standard of Review*.

JTM's motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is subject to the same standard of review as a motion to dismiss under FED. R. CIV. P. 12(b)(6). *See Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). Plaintiff's Complaint can survive a motion to dismiss under FED. R. CIV. P. 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S.Ct. 1955 (2007). Further, a complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 129 S.Ct. at 1949, *citing Twombly,* 550 U.S. at 557 (internal quotation omitted). With this in mind, Plaintiff's Complaint is devoid of any facts or allegations that demonstrate a right to relief from JTM. Therefore, pursuant to FED. R. CIV. P. 12(c), JTM is entitled to judgment on the pleadings.

    B.    *Plaintiff's Complaint Fails to State a Claim Against JTM and Contains Insufficient Factual Allegations to Survive Challenge.*

The OCSPA states in pertinent part:

> No *supplier* shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive *act or practice* by a supplier violates this section whether it occurs before, during, or after the transaction.

Ohio Rev. Code § 1345.02 (emphasis added). At the outset, the Complaint must be dismissed because it does not allege JTM committed any "act or practice". In fact, the Complaint

5

affirmatively states "Midwest's conduct…is a violation of R.C. 1345.02…and is subject to treble damages under R.C. 1345.09(B)". (ECF Doc. 1 at ¶ 74).

In addition, the Complaint must be dismissed because JTM is not a "supplier" as defined by the OCSPA and as a result, the OCSPA does not apply to JTM. The OCSPA defines supplier as:

> (C) "Supplier" means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. If the consumer transaction is in connection with a residential mortgage, "supplier" does not include an assignee or purchaser of the loan for value, except as otherwise provided in section 1345.091 of the Revised Code. For purposes of this division, in a consumer transaction in connection with a residential mortgage, "seller" means a loan officer, mortgage broker, or nonbank mortgage lender.

Ohio Rec. Code § 1345.1(C).

Given that the Complaint is devoid of any allegation that JTM engaged in the business of effecting or soliciting consumer transactions, the OCSPA cannot apply to JTM. Notwithstanding, JTM anticipates Plaintiff will rely upon *Taylor v. First Resolution Investment Corporation*, 72 N.E.3d 573 (Ohio 2016) to support his argument that JTM, a debt buyer and investor, is subject to the OCSPA. In *Taylor*, the Ohio Supreme Court examined the FDCPA in order to determine with the OCSPA applied to debt buyers. *Id.* at 599. The Ohio Supreme Court found that because the defendant-debt buyer met the FDCPA's definition of debt collector it was also a "supplier" pursuant to the OCSPA because it solicited the plaintiff to recover or resolve her debt. *Id.* at 600.

However, the *Taylor* case is easily distinguishable from the facts of this case. In *Taylor*, the defendant debt buyer was actively engaged in the collection efforts against the plaintiff. Specifically, the defendant debt buyer sent a "final notice" to plaintiff that advised plaintiff that

6

her account had been forwarded to a pre-litigation department and that unless the account was resolved within 21 days, the defendant would forward the claim to a collection attorney. *Id.* at 582.

To the contrary, here, the Complaint fails to allege that JTM was actively engaged in any collection efforts concerning Plaintiff and only makes factual allegations concerning the conduct of Defendant Midwest. More importantly, a District Court as recently determined that JTM is not a "debt collector" as defined by the FDCPA. *See Schneider v. JTM Capital Mgmt., LLC,* Case No. 6:16-cv-2057-JR (D. Or. Mar. 22, 2018) (Russo, MJ.) A copy of Magistrate Judge Russo's decision is attached as Exhibit A to the Declaration of Michael J. Palumbo. Given that the Complaint is devoid of any allegation that JTM participated in the collection of Plaintiff's account and JTM is not a "debt collector" as defined by the FDCPA, *Taylor* is inapplicable. More importantly, JTM cannot be a "supplier" as defined by the OCSPA. If JTM is not a "supplier", the OCSPA does not apply to JTM and the sole cause of action against JTM must be dismissed.

IV. CONCLUSION

In light of the foregoing, JTM respectfully requests that this Court grant its motion for judgment on the pleadings and dismiss Plaintiff's Complaint as against JTM, with prejudice.

Respectfully submitted by:

*s/ Michael J. Palumbo*
_____
Michael J. Palumbo, Esquire
Ohio Attorney Registration #0081718
Anthony J. Gingo, Esquire
Ohio Attorney Registration #0085669
Gingo Palumbo Law Group LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
E-Mails: michael@gplawllc.com
         anthony@gplawllc.com
*Counsel for Defendant, JTM Capital Management, LLC*

## L.R. 7.1(F) CERTIFICATION REGARDING PAGE LIMIT

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum in Support adheres to the pertinent page limitations for standard cases.  The foregoing Memorandum in Support does not exceed 20 pages.

*s/ Michael J. Palumbo*
_____
Michael J. Palumbo, Esquire
Anthony J. Gingo, Esquire
*Counsel for Defendant, JTM Capital Management, LLC*

CERTIFICATE OF SERVICE

I, Michael J. Palumbo, one of the attorneys for Defendant, JTM Capital Management, LLC, do certify the following:

1. ***Motion and Memorandum of Law of Defendant, JTM Capital Management, LLC, for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)*** was filed on April 22, 2018 via the CM/ECF Filing System for the United States District Court for the Northern District of Ohio (Eastern Division – Cleveland).

2. The Parties appearing on the Notice of Electronic Filing, and as noted below, may access the foregoing and aforesaid pleading through the CM/ECF system:

    Marc E. Dann, Esquire, mdann@dannlaw.com
    Brian D. Flick, Esquire, bflick@dann.law
    Anthony J. Gingo, Esquire, anthony@gplawllc.com
    Michael J. Palumbo, Esquire, michael@gplawllc.com

3. A true and accurate copy of the aforesaid pleading was served on April 22, 2018 via United States regular mail, postage prepaid, upon the following:

    None

*s/ Michael J. Palumbo*
_____
Michael J. Palumbo, Esquire
Anthony J. Gingo, Esquire
*Counsel for Defendant, JTM Capital Management, LLC*