**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Christopher Carlo,** ) | **CASE NO. 1:18 CV 00031** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Midwest Recovery Systems, LLC,** ) | **Memorandum of Opinion and Order** |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## INTRODUCTION

This matter is before the Court upon the Motion and Memorandum of Law of Defendant, JTM Capital Management, LLC, to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 19). This is a Fair Debt Collection Practices Act case. For the reasons that follow, JTM's motion is DENIED.

## FACTS

According to the amended complaint, Plaintiff Christopher Carlo is an individual whose credit was adversely affected when a collection account, reported by non-moving Defendant Midwest Recovery Systems, LLC ("Midwest"), appeared on his credit report while he was in the

1

process of obtaining a mortgage. (Doc. 18 ¶¶ Introduction, 28-31, 103-106). Plaintiff alleges that Midwest acted as the agent of moving defendant JTM Capital Management, LLC ("JTM"). *Id.* ¶¶ 19, 39, 46. JTM, according to Plaintiff's amended complaint, "specializes in delinquent account receivables management for a variety of industries including retail and financial services." *Id.* ¶ 9. Plaintiff further alleges that JTM, directly or through agents, attempts to collect purchased debt and receivables in Ohio. *Id.* ¶ 19. According to Plaintiff, JTM previously purchased the account from non-party SFG Finance, LLC ("SFG"). *Id.* at Introduction. Plaintiff disputes the debt and alleges that he had no knowledge of any debt owed to Midwest, JTM, or SFG until the tradeline appeared on his account. *Id.* ¶ 31. Plaintiff alleges that the debt is an alleged obligation that arose out of a transaction that was primarily for personal, family, or household use. *Id.* ¶ 33. Plaintiff's counsel sent a letter to Midwest, demanding that Midwest cease any collection activity until the alleged debt was validated. *Id.* ¶ 34. Subsequently, Plaintiff's counsel called Midwest and was informed by a collection supervisor that Midwest was reporting the information to the credit bureaus at the direction of the current creditor, JTM, and that the information reported to the credit bureaus would not be suppressed or deleted pending validation of the debt. *Id.* ¶ 37. On or around January 19, 2018, after Plaintiff filed the complaint giving rise to this lawsuit, Plaintiff received a letter from Midwest indicating that Midwest was requesting deletion of the tradeline by the credit bureaus. *Id.* ¶ 41. The information was not deleted from Plaintiff's file until February 2018, after Plaintiff contacted the credit bureaus directly. *Id.* ¶ 42.

The amended complaint contains seven counts. Counts one through six allege violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692(g)(a), (g)(b),

2

(e)(8), (e)(2)(A), (d), and (f).[1] Count seven alleges a violation of the Ohio Consumer Sales Practices Act ("OCSPA") under O.R.C. Chapter 1345. Defendant JTM moves to dismiss the claims against it. Plaintiff opposes JTM's motion.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1] The amended complaint contains two claims entitled "Count Five," both of which allege violations of the FDCPA.

3

plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**ANALYSIS**

**A. FDCPA Claims**

JTM argues that it is not a "debt collector" as defined by the FDCPA, and that Plaintiff's claims against JTM pursuant to this statute must, therefore, be dismissed. Plaintiff responds that he has adequately alleged a violation of the FDCPA by JTM, either through JTM's direct actions or the actions of its alleged agent, Midwest.

The FDCPA prohibits "debt collectors" from "making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995); 15 U.S.C. § 1692d. The FDCPA defines the term "debt collector" to be, in relevant part:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

JTM argues that it does not fit within the definition of "debt collector" because JTM's principal purpose is not debt collection.[2] In support of this argument, JTM relies upon *McAdory*

---

[2] Plaintiff appears to concede that JTM does not qualify as a "debt collector" under the second prong of the definition: one who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." *See Henson v. Santander Consumer USA, Inc.,* 137 U.S. 1718, 1721 (2017).

*v. M.N.S. Assoc., LLC,* 2017 WL 5071263 (D. Or. Nov. 3, 2017). In *McAdory,* the district court granted a Rule 12(b)(6) motion to dismiss, finding that the defendant could not be a "debt collector" as defined by the FDCPA, because the plaintiff alleged that the defendant was merely a passive debt purchaser. *Id.* at *1-2. *McAdory* is easily distinguishable. In *McAdory*, the plaintiff specifically and affirmatively alleged that the defendant purchased defaulted debts and then contracted with debt collectors across the country who would collect upon those debts. *Id.* at *1. Here, in contrast, Plaintiff alleges that JTM: (1) "specializes in delinquent account receivables management;" (2) has a principal purpose of collecting debts; and (3) "directly or through its agent" collects upon purchased debt and receivables. Doc. 18 ¶¶ 9, 11, 19. Thus, Plaintiff has alleged that JTM is more than merely a passive debt purchaser. At this early stage of the proceedings, these allegations are sufficient.[3]

JTM also argues that it cannot be vicariously liable for the actions of an agent under the FDCPA unless it qualifies as a "debt collector." *See Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 108 (6th Cir. 1996). As set forth above, this Court finds that Plaintiff has adequately

---

[3] JTM also refers the Court to a district court case in which the court granted JTM's motion for summary judgment, finding that the plaintiff had presented no evidence that JTM engaged in any direct collection activities against her. *Schneider v. JTM Capital Management, LLC,* 2018 WL 2276238, *3 (D. Oregon. Mar. 22, 2018). That case is not binding here, where at this early stage of the proceedings, no discovery has been conducted and the Court must accept Plaintiff's allegations as true. Similarly unpersuasive are *Kasalo v. Trident Asset Management, LLC,* 53 F. Supp.3d 1072, 1079 (N.D. Ill. 2014) and *Gold v. Midland Credit Management, Inc.,* 82 F. Supp. 3d 1064, 1071 (N.D. Cal. 2015), which were both decided on summary judgment after the parties conducted discovery.

alleged that JTM is a "debt collector." As such, vicarious liability can apply. *See Edwards v. Velocity Investments, LLC,* 2011 WL 4007394 (N.D. Ohio Sept. 8, 2011) ("Upon review, the Court finds that, because Velocity is itself a debt collector, vicarious liability applies."). JTM's motion to dismiss Plaintiff's FDCPA claims is denied.

### B. OCSPA Claim

Like the FDCPA, the OCSPA "provides protection for consumer debtors against debt collectors and their attorneys." *See Taylor v. First Resolution Invest. Corp.,* 148 Ohio St. 3d 627, 631 (Ohio 2016). Specifically, the OSCPA states that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). JTM argues that Plaintiff has not stated a claim under the OCSPA because: (1) JTM is not a "supplier" under the OCSPA; and (2) Plaintiff did not allege that JTM performed any "act or practice" as required by the statute. Plaintiff does not directly respond to these arguments, but generally argues that he has adequately alleged an OCSPA violation.

The OCSPA defines "supplier" to be "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." Rev. Code § 1345.01(C). The Sixth Circuit has stated that the definition of 'supplier' under the OCSPA is "substantially broader" than the definition of 'debt collector' under the FDCPA. *Schroyer v. Frankel,* 197 F.3d 1170, 1177 (6th Cir. 1999). Moreover, courts have interpreted the OCSPA to apply to the collection of debts associated with consumer transactions. *See Taylor v. First Resolution Invest. Corp.,* 148 Ohio St. 3d 627, 654 (Ohio 2016).

6

The allegations set forth above are sufficient to bring Plaintiff into the definition of "supplier" under the OCSPA. Although Plaintiff argues that the amended complaint makes no allegation that JTM ever communicated with Plaintiff, the plain language of the OCSPA does not require that suppliers deal directly with consumers for the OCSPA to apply. *See* Rev. Code § 1345.01(C).

JTM's argument that *Taylor* does not apply to this case is unavailing. In *Taylor*, the Ohio Supreme Court examined the interrelationship between the FDCPA and the OCSPA, and concluded that "debt buyers collecting on credit-card debt and their attorneys are subject to the OCSPA." *Taylor,* 148 Ohio St. 3d at 658-69. JTM argues that the defendant debt buyer in *Taylor* was more actively engaged in collection efforts than JTM was here. While JTM's argument may prove to be true, at this early stage of the proceedings, the Court cannot determine JTM's level of involvement in its collection efforts against consumers. As set forth above, the Court must accept Plaintiff's allegations as true, and Court finds that Plaintiff has adequately alleged that JTM is a "supplier" under the OCSPA.

JTM also argues that there is no allegation that JTM committed any "act or practice" as required by the OCSPA. The Court disagrees. In addition to the allegations set forth above, Plaintiff alleges that JTM, as the owner of the alleged debt, directed defendant Midwest to report Plaintiff's disputed (and inaccurate) debt to the credit reporting agencies and pursue collection efforts against Plaintiff. Doc. 18 ¶¶ Introduction, 37, 39, 70. These allegations sufficiently set forth an "act or practice" as required by the OCSPA. *See Taylor,* 72 N.E. 3d at 653 ("Both the FDCPA and the OCSPA are remedial statutes, intended to reach a broad range of conduct."). JTM's motion is denied.

**CONCLUSION**

For the foregoing reasons, JTM Capital Management, LLC's Motion to Dismiss (Doc. 19) is denied.

IT IS SO ORDERED.

                /s/ Patricia A. Gaughan
                PATRICIA A. GAUGHAN
                United States District Court
                Chief Judge

Dated: 10/23/18